# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHERYL ANN CARLSON,<br><br>                        Plaintiff,<br><br>   v.<br><br>ANDREW SAUL,<br>Acting Commissioner of Social Security,<br><br>                      Defendant. | 3:19-cv-00384-MMD-CLB<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Cheryl Ann Carlson's ("Carlson") application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Currently pending before the court is Carlson's notice (ECF No. 24), which the court interprets as a motion for remand. In this motion, Carlson seeks a remand for consideration of new medical evidence. (*Id.*) The Commissioner filed a countermotion to affirm and response (ECF Nos. 25, 26[2]), and no reply was filed. For the reasons set forth herein, the court recommends that Carlson's motion for remand (ECF No. 24) be denied, and the Commissioner's countermotion to affirm (ECF No. 25) be granted.

## I.   STANDARDS OF REVIEW

    A.   <u>Judicial Standard of Review</u>

This court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854

---

[1]   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]   ECF Nos. 25 and 26 are identical documents.

(9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action ... brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B. Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or

combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.1 If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in

accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four in order to determine whether the individual has the RFC to perform his past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.     CASE BACKGROUND**

    A.     Procedural History

Carlson applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on February 19, 2015, with an alleged disability onset date of February 17, 2015. (Administrative Record ("AR") 21, 273-86.) The application was denied initially, (AR 138-47), and upon reconsideration. (AR 151-64.)

On November 27, 2017, Carlson and her attorney appeared at a hearing before an Administrative Law Judge ("ALJ"). (AR 39-70.) A vocational expert ("VE"), also appeared

at the hearing. (*Id.*) The ALJ issued a written decision on May 30, 2018, finding that Carlson was not disabled because she could perform work existing in significant numbers in the national economy. (AR 21-30.) Carlson appealed, and the Appeals Council denied review. (AR 1-5.) Accordingly, the ALJ's decision became the final decision of the Commissioner. Having exhausted all administrative remedies, Carlson filed a complaint for judicial review on July 8, 2019. (*See* ECF No. 1-1.)

   B.  ALJ's Decision

  In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 21-30.) Ultimately, the ALJ disagreed that Carlson had been disabled from February 17, 2015, the alleged onset date, through the date of the decision. (AR 29-30.) The ALJ held that, based on Carlson's RFC, age, education, and work experience, there were jobs in the national economy that she could perform. (AR 29.)

  In making this determination, the ALJ started at step one. Here, the ALJ found Carlson had not engaged in substantial gainful activity since the alleged onset date of February 17, 2015. (AR 23.) At step two, the ALJ found Carlson had the following severe impairments: degenerative disc disease – cervical and lumbar spine, hernias, and obesity. (AR 24.) At step three, the ALJ found Carlson did not have an impairment or combination of impairments that either met or medically equaled the severity of those impairments listed in 20 C.F.R. Part 404, Subpart P, Appx. 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (AR 25.)

  Next, the ALJ determined Carlson had an RFC to perform light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b) except she:

> can sit, stand, or walk for a maximum of 6 hours in an 8-hour workday; never climb ladders or scaffolds; frequently balance; occasionally kneel, stoop, crouch, or crawl; occasionally perform above shoulder and overhead reaching with bilateral upper extremities; frequently handle or finger with bilateral upper extremities; and avoid concentrated exposure to extreme cold, moving mechanical parts, and unprotected heights.

(AR 25.)

The ALJ found Carlson's impairments could reasonably be expected to cause some of the symptoms alleged, but that her statements regarding the intensity, persistence, and limiting effects of those symptoms were not entirely credible. (AR 26.) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, medical opinions, and factors weighing against Carlson's credibility. (AR 25-28.) The ALJ then determined that Carlson was unable to perform her past relevant work. (AR 28.)

Proceeding to step five, and relying on the testimony of the VE, the ALJ determined that Carlson's age, education, past relevant work experience, and RFC would allow her to perform occupations existing in significant numbers in the national economy, such as: Companion (DOT 309.667-010, light) and Blind Aide (DOT 359.573-010, light). (AR 29.) Accordingly, the ALJ held that Carlson had not been under a disability since February 17, 2015 and denied her claim. (AR 29-30)

**III.   ISSUE**

Based on Carlson's notice to the court and the accompanying attachment (ECF Nos. 24, 24-1), the following issue is raised for the court's review: Whether new medical evidence warrants remand.

**IV.   DISCUSSION**

    A.   <u>Carlson's Newly Submitted Medical Evidence Does Not Warrant Remand</u>

Attached to Carlson's notice to the court is a doctor's report from Spine Nevada dated July 30, 2020, which discusses treatment of Carlson's complaints of neck, shoulder, and arm pain and weakness. (ECF No. 24-1.) Carlson asserts that the doctor's report shows her medical issues "are causing [her] health to deteriorate." (ECF No. 24.)

Although a district court may remand a case to the Commissioner for consideration of new evidence, it may do so only when the new evidence is material. *See Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990). Evidence is material "only where there is a reasonable possibility that the new evidence would have changed the outcome of the [Commissioner's] determination had it been before him." *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (quotation marks and citation omitted); *see*

*also* 42 U.S.C. § 405(g).  Further, the new evidence must be probative of the claimant's condition as it existed at or before the time of the disability hearing.  *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 511-12 (9th Cir. 1987) (citing 42 U.S.C. § 416(i)(2)(G)).

The relevant period in this case is from the alleged onset date of February 17, 2015, through the date of the ALJ's decision on May 30, 2018.  Thus, the medical report dated July 30, 2020 is far outside the timeframe of the application of benefits in this case, and is not material to the application for benefits at issue.  *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164 n.1 (9th Cir. 2001) (the "court has the authority to remand a disability benefits case to the Commissioner so that a claimant can place new medical evidence before the ALJ," but "[h]aving examined the evidence submitted to the Appeals Council and the district court [showing that the claimant was being treated for diabetes and sleep apnea], we decline to do so"; instead, "[the claimant] is free to file a new application for benefits based on his sleep apnea, diabetes, and organic brain syndrome"), citing *Sanchez*, 812 F.2d at 512 (the claimant "followed the proper procedure by reapplying for benefits" because "[i]f he can now prove a disabling physical or mental impairment, he will be entitled to benefits as of the date of the new application").  The medical evidence attached to Carlson's notice, which post-dates the hearing and decision, is not material to the Commissioner's decision, but rather may be material to a new application for benefits.  Accordingly, the court finds a remand to consider the new evidence is not warranted.

**V.    CONCLUSION**

Having reviewed the Administrative Record as a whole, and weighing the evidence that supports and detracts from the Commissioner's conclusion, the court finds the ALJ decision was supported by substantial evidence and proper legal analysis.  The court therefore recommends that Carlson's motion to remand (ECF No. 24) be denied, and the Commissioner's motion to affirm (ECF No. 25) be granted.

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Local Rule IB 3-2, the parties may file specific written objections to this Report and Recommendation within fourteen (14)

days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## VI. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Carlson's motion for remand (ECF No. 24) be **DENIED**;

**IT IS FURTHER RECOMMENDED** that the Commissioner's motion to affirm (ECF No. 25) be **GRANTED**; and,

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and **CLOSE THIS CASE**.

**DATED**: November 16, 2020

_____
**UNITED STATES MAGISTRATE JUDGE**